Filed 11/22/13  P. v. Vasquez CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANA JASMIN VAZQUEZ,<br><br>Defendant and Appellant. | B250237<br><br>(Los Angeles County<br>Super. Ct. No. BA402912) |

APPEAL from an order of the Superior Court of Los Angeles County.  Renee F. Korn, Judge.  Affirmed.

Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL BACKGROUND

On September 20, 2012, at approximately 7:40 p.m., Officer Adam Rios was on patrol in the area of Pico and Menlo in a marked patrol vehicle. He was working crime suppression within an area of the 18th Street gang. He observed defendant and a man (codefendant Irvin Llanes) walking together. Defendant had multiple tattoos on her face and arms and was carrying a large canvas bag. Llanes was wearing baggy clothing consistent with gang attire. Officer Rios and his partner Officer William Kakuk decided to have a "consensual encounter" with defendant and Llanes to ask them about crime in the area. Officer Rios pulled to the curb without activating his lights. As soon as defendant and Llanes saw the police vehicle, they distanced themselves from each other. Officer Rios and Officer Kakuk did not have their weapons drawn.

Officer Rios asked Llanes how his day was going and asked whether Llanes was on probation. When Llanes responded that he was, Officer Rios placed him in handcuffs and searched him. Officer Rios found a small baggie of crystalline substance resembling methamphetamine. Officer Kakuk was having a conversation with defendant, who was not in handcuffs. After determining that she was carrying her identification in her purse, Officer Kakuk asked if he could see it. Defendant opened her bag, reached in to retrieve it, and Officer Kakuk indicated he had seen a weapon in defendant's purse. Officer Kakuk drew his weapon, removed defendant's purse from her shoulder, set it on the ground, and placed her in handcuffs.

## PROCEDURAL HISTORY

On December 26, 2012, defendant was charged by information with one count of violating Penal Code section 25400, subdivision (a)(2), carrying a concealed weapon.

On April 10, 2013, defendant moved to suppress the evidence of the weapon and any statements she made as fruit of the poisonous tree. She argued that the officers did not have reasonable suspicion to detain her without a warrant merely based upon her tattoos or membership in a criminal street gang. At the hearing, defendant testified that her encounter with the officers was not consensual. At the time the officers stopped

2

Llanes, Officer Kakuk told her to stop and walk toward him. In her view, Officer Rios was intimidating Llanes. Defendant is afraid of the police and Officer Kakuk sounded angry to her. She thought the officers were going to hurt her. The court denied the motion, finding defendant was lawfully detained.

After waiving her trial rights, defendant pleaded no contest. The court found defendant guilty, suspended sentence, and placed her on three years' probation.

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. On September 18, 2013, we advised defendant she had 30 days within which to personally submit any contentions or issues she wished us to consider. To date, we have received no response. We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


MALLANO, P. J.


CHANEY, J.


3